Kobin Patterson
Noel Grefenson PC
3265 Liberty Rd. S.
Salem, Oregon 97302
(503) 371-1700
kobinpatterson@gmail.com

Attorney for Defendant Hugo Alberto Roman Aparicio

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HUGO ALBERTO ROMAN APARICIO<br><br>Defendant | Case No.: 3:24-cr-00391-IM-2<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

Kobin Patterson, counsel for defendant, Hugo Alberto Roman Aparicio, submits the following sentencing memorandum for the Court's consideration. At sentencing, Mr. Roman Aparicio will request that the Court sentence him to 46-months prison followed by 3 years of supervised release.

The request for the above sentence finds support in the fact that Mr. Roman Aparicio had minimal criminal history prior to the conduct at issue in this case; his extended leave of absence from his family is causing extreme financial and emotional hardship—especially for one of his vulnerable children; he had a tumultuous upbringing that likely contributed to his poor decisions



Kobin Patterson
Noel Grefenson PC
3265 Liberty Rd. S.
Salem, Oregon 97302
(503) 371-1700
kobinpatterson@gmail.com

that leads him to sentencing before the Court; he is facing imminent danger upon his deportation to Mexico after his release; and he is facing a sentence from the government in excess of those received by his similarly situated co-defendants that have been sentenced.

## I

## Background

In August 2024, DEA investigators began an investigation into a Mexico-based drug trafficking organization which was operating in the Portland area. During that investigation, agents learned that Mr. Roman Aparicio and Jesus Antonio Ruiz Aispuro were discussing shipping firearms south to Mexico. Co-defendant Freddy Bish agreed to drive the guns south. Mr. Roman Aparicio provided the vehicle that was used to drive the firearms.

Bish left Oregon with his girlfriend and indicated that he did not want to deliver the firearms to Mexico. Arrangements were made for Bish to deliver the firearms to an unidentified co-conspirator in California.

Prior to his arrival, officers tracked Bish's cell phone and California Highway Patrol conducted a traffic stop and subsequent search of the vehicle. Officers located twelve firearms that were concealed in the vehicle's spare tire compartment, which were described as follows:

(1) a white/black AR style rifle with no identifying marks or serial numbers;

(2) a black Radical Firearm AR style rifle, serial# 20-048664;

(3) a brown/black SKS rifle, serial# 2100251;

(4) a black/gray Palmetto State Armory rifle, serial# P1061889;

(5) a black SKS rifle, serial# 102187150;

(6) a gold/black unknown make rifle, partial serial# 2419;

(7) a black Springfield Armory rifle, serial# ST454972;



Kobin Patterson
Noel Grefenson PC
3265 Liberty Rd. S.
Salem, Oregon 97302
(503) 371-1700
kobinpatterson@gmail.com

(8) a black Ruger handgun, serial# 309-39129;

(9) a black Sig Sauer handgun, serial# B127336;

(10) a black Smith and Wesson handgun, serial# CVP8002;

(11) a black/white revolver, serial# E34071; and

(12) a black/red Taurus handgun, serial# NAP62212.

## II

## PLEA AGREEMENT AND PRESENTENCE REPORT (PSR)

On June 16, 2026, Mr. Roman Aparicio participated in an interview with U.S. Probation. The defense agrees that the PSR is accurate regarding the factual background provided by Mr. Roman Aparicio. Counsel has reviewed the PSR with Mr. Roman Aparicio, including the proposed conditions of his supervised release. At sentencing, Mr. Roman Aparicio will waive the formal reading of the proposed mandatory, general and special conditions of his supervised release by the Court.

As a preliminary matter, the parties agree that the PSR correctly attributes 0 criminal history points to Mr. Roman Aparicio which places him in Criminal History Category I. However, there is a slight discrepancy between the advisory guidelines computation listed in the parties' plea agreement and the computation outlined by U.S. Probation. The parties' plea agreement outlines the computation as follows:



Kobin Patterson
Noel Grefenson PC
3265 Liberty Rd. S.
Salem, Oregon 97302
(503) 371-1700
kobinpatterson@gmail.com

| Count 2: 18 U.S.C. § 933(a)(3) – Conspiracy to Traffic in Firearms | | |
|---|---|---|
| USSG §2K2.1(a)(3) | Base Offense Level | 20 |
| USSG §2K2.1(b)(1)(B) | Possessing between 8-24 firearms | +4 |
| **USSG §2K2.1(b)(4)(B)** | **Obliterated serial number** | **+4** |
| USSG §2K2.1(b)(5)(C) | Transferring more than two firearms to a person who intends to use of dispose of the firearm unlawfully | +5 |
| USSG §3E1.1(a) | Acceptance of Responsibility | -2 |
| USSG §3E1.1(b) | Acceptance of Responsibility | -1 |
| | Adjusted Offense Level | 30 |

Additionally, pursuant to the terms of the parties' plea deal, at sentencing, the government will recommend a 2-level variance under 18 U.S.C. § 3553(a) leaving Mr. Roman Aparicio's final offense level at 28. It is anticipated that the government will recommend a 70-month sentence of imprisonment at the time of sentencing.

U.S. Probation's calculation differs only from the parties in that U.S. Probation applies USSG §2K2.1(b)(4)(A) in lieu of USSG §2K2.1(b)(4)(B) as listed above. That calculation is as follows:

| Count 2: 18 U.S.C. § 933(a)(3) – Conspiracy to Traffic in Firearms | | |
|---|---|---|
| USSG §2K2.1(a)(3) | Base Offense Level | 20 |
| USSG §2K2.1(b)(1)(B) | Possessing between 8-24 firearms | +4 |
| **USSG §2K2.1(b)(4)** | **Stolen firearm** | **+2** |
| USSG §2K2.1(b)(5)(C) | Transferring more than two firearms to a person who intends to use or dispose of the firearm unlawfully | +5 |
| USSG §3E1.1(a) | Acceptance of Responsibility | -2 |
| USSG §3E1.1(b) | Acceptance of Responsibility | -1 |
| | Adjusted Offense Level | 28 |

After considering the government's expected 2-level variance recommendation, it is expected that U.S. Probation will recommend a sentence of 63-months of imprisonment.

\ \ \ \



Kobin Patterson
Noel Grefenson PC
3265 Liberty Rd. S.
Salem, Oregon 97302
(503) 371-1700
kobinpatterson@gmail.com

III

DEFENSE SENTENCING RECOMMENDATION

This Court's "overarching statutory charge . . . is to impose a sentence sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; and to protect the public." *United States v. Lizarras-Chacon*, 14 F.4th 961, 966 (9th Cir. 2021). Although the Court must calculate the guideline range which applies to a defendant's offense, the guidelines are advisory, and their range is not presumed reasonable. A court need not find "extraordinary circumstances" in order to impose a variance sentence outside of the advisory guidelines range, because the guidelines are but one of several § 3553(a) factors to consider when determining an appropriate sentence. *United States v. Booker*, 543 US 220 (2005).

The Supreme Court has recognized that a court's analysis of the § 3553(a) factors should consider a defendant's post-sentencing and post-offense rehabilitation. *See Pepper v. United States*, 562 U.S. 476, 480 (2011). In *Pepper*, the Supreme Court emphasized that the "punishment should fit the offender and not merely the crime" and that a sentencing court should use "the fullest information possible concerning the defendant's life and characteristics" to fashion an appropriate sentence, including post-sentencing and post-offense rehabilitation. 562 U.S. at 487-88.

Mr. Roman Aparicio asks the Court to impose a sentence of 46 months in the Bureau of Prisons followed by a 3-year term of supervised release in this case. This amounts to a 3-level variance from U.S. Probation's recommendation and a four-level variance from the government's recommendation. The following points considered under 18 U.S.C. § 3553(a) support this recommendation.



Kobin Patterson
Noel Grefenson PC
3265 Liberty Rd. S.
Salem, Oregon 97302
(503) 371-1700
kobinpatterson@gmail.com

**(a) Mr. Roman Aparicio has limited criminal history, and the instant offenses were fueled by drug addiction.**

As noted in the PSR, Mr. Roman Aparicio has had a single prior run in with the law. In 2012, Mr. Roman Aparicio was charged with Disorderly Conduct in the Second Degree. (PSR ¶ 60). That case was ultimately dismissed following Mr. Roman Aparicio's participation in 16 hours of community service. (Id.).

Mr. Roman Aparicio's conduct in the community turned criminal after he turned to drugs. He first used methamphetamine as a means of working long hours as a self-employed mechanic. (PSR ¶ 82). Soon that "assistance" turned into addiction. Mr. Roman Aparicio became engulfed in that community and worked on cars for some individuals that sold drugs. Shortly thereafter, he sought out alternative means to support his habit. Those choices have led him before the Court for sentencing in this matter.

However, Mr. Roman Aparicio has never engaged in any sort of substance abuse treatment and is very interested in seeking out such services upon his release from custody. (PSR ¶¶ 74, 83). Because the instant offense was fueled by his drug addiction, substance abuse treatment would ensure that he does not end up before the Court in the future.

**(b) Mr. Roman Aparicio has family that depends on him and his absence in their lives is causing significant hardships.**

Mr. Roman Aparicio has many children: Hugo Alberto Roman (age 20), Joshua Roman (age 18), Carie Roman (age 15), Virlan Roman (age 9), and Logan Moises Roman (age 1). (PSR ¶¶ 71-73). While some of those children are now young adults, and others share custody with their mothers, Mr. Roman Aparicio provides financial support for all his children. Obviously, his incarceration has been immensely troubling for his children, both financially and emotionally.

\ \ \ \



Kobin Patterson
Noel Grefenson PC
3265 Liberty Rd. S.
Salem, Oregon 97302
(503) 371-1700
kobinpatterson@gmail.com

For example, 9-year-old Virlan has been diagnosed with autism spectrum disorder (ASD). (PSR ¶ 72). Virlan is particularly attached to Mr. Roman Aparicio such that when his parents split up, Virlan would have meltdowns until Mr. Roman Aparicio was able to come visit him to calm his anxiety. (Id.). Obviously, Mr. Roman Aparicio's incarceration has had an exaggerated effect on Virlan's anxiety. (Id.). While Mr. Roman Aparicio can stay in touch via phone, it is simply not the same and it is difficult for Virlan to understand why he is unable to see his father.

Additionally, 1-year-old Logan was born while Mr. Roman Aparicio was in custody. (PSR ¶ 73). He is being cared for by Mr. Roman Aparico's wife, Clara Pavon Bruce, who is 32 years old. (Id.). While Clara has been able to scrape by with the help of family members, such as Mr. Roman Aparicio's sister, she is barely able to make ends meet without Mr. Roman Aparicio's assistance. Clara has also been suffering from postpartum depression, including suicidal thoughts. (Id.). Mr. Roman Aparicio has been as supportive as possible during his incarceration, but there is only so much he can do. (Id.). Obviously, this has caused immense distress and anxiety for Mr. Roman Aparicio. (Id.). While he has been seeking help in custody for his anxiety, it is still of constant concern. (Id.).

Mr. Roman Aparicio was also providing financial support to his aging parents who are in declining health. (PSR ¶ 66).

**(c) Mr. Roman Aparicio had an immensely difficult upbringing.**

There was a lot to cover in Mr. Roman Aparicio's PSR interview. As a result, U.S. Probation could not conduct an Adverse Child Experiences (ACEs) questionnaire, but there is no doubt, had one been conducted, Mr. Roman Aparicio would have produced an abysmal score. (PSR ¶¶ 80-81).

\ \ \ \



Kobin Patterson
Noel Grefenson PC
3265 Liberty Rd. S.
Salem, Oregon 97302
(503) 371-1700
kobinpatterson@gmail.com

Mr. Roman Aparicio was born in Guerrero, Mexico, to an impoverished family. (PSR ¶¶ 66-68). Mr. Roman Aparicio had to begin working at the age of 6 years old to be able to afford to attend school and help support the family. (PSR ¶ 68). The children in the household often did not have enough food to eat and went hungry. (Id.). Mr. Roman Aparicio's father was a severe alcoholic and would become abusive to the children and Mr. Roman Aparicio's mother when he was drunk. (Id.). This behavior began when Mr. Roman Aparicio was approximately 3 years old and continued throughout his childhood. (Id.). Often, the children would hide outside of the home all night and cry to avoid the abuse. (Id.).

**(d) Mr. Roman Aparicio likely faces extreme danger upon his return to Mexico after he is released from custody.**

As discussed above, Mr. Roman Aparicio started working at a young age. At around the age of 13 years old, he began driving taxi cabs in Mexico. (PSR ¶ 69). When he was 15, Mr. Roman Aparicio was driving passengers when a truck driver came around a corner in his lane of travel causing a head-on collision. (Id.). Mr. Roman Aparicio suffered numerous injuries from the crash, but his passengers did not survive. (Id.). The family members of the deceased passengers blamed Mr. Roman Aparicio for the death of their loved ones and started to seek revenge. (Id.). Mr. Roman Aparicio feared for his life, and he eventually fled to the United States for safety. (Id.).

This threat continues to this day. In fact, just several years ago, some of the family members of the deceased saw one of Mr. Roman-Aparicio's brothers in public and mistakenly thought it was Mr. Roman Aparicio. He was then attacked with various weapons, including a machete, and left for dead under a pile of leaves. Luckily for Mr. Roman Aparicio's brother, someone found him and took him to the hospital. Counsel was able to confirm this with multiple relatives who provided the pictures below taken at the hospital.



Kobin Patterson
Noel Grefenson PC
3265 Liberty Rd. S.
Salem, Oregon 97302
(503) 371-1700
kobinpatterson@gmail.com



The unfortunate reality is that Mr. Roman Aparicio is almost certainly going to be deported to Mexico upon his release from federal prison. At that point, he will be in immediate danger for a similar, or worse, event from happening to him.

**(e) Similarly situated co-defendants have received sentences much shorter than Mr. Roman Aparicio.**

Finally, it should be noted that, with the exception of two, all of the co-defendant's in this case that have been sentenced received sentences of prison ranging from 42 to 51 months.[1] The only co-defendant to be sentenced for the same conduct as Mr. Roman Aparicio, Freddy John Bish, was sentenced to 50 months imprisonment. Sentencing Mr. Roman Aparicio to 63 or 70 months would simply cause a sentencing disparity—that is particularly true considering Mr. Roman Aparicio's lack of criminal history.[2]

\\\\

\\\\

\\\\

---

[1] One co-defendant received a sentence of 136 months prison and another received a sentence of 18 months. In counsel's opinion, however, those co-defendants were not similarly situated to Mr. Roman Aparicio.

[2] That is true even though Mr. Bish clearly had criminal history as the government's sentencing memorandum calculated his criminal history as category II.



Kobin Patterson
Noel Grefenson PC
3265 Liberty Rd. S.
Salem, Oregon 97302
(503) 371-1700
kobinpatterson@gmail.com

IV.

CONCLUSION

Mr. Roman Aparicio understands that his request for sentencing constitutes a substantial variance to his guideline range. However, given the above points, he contends that such a variance pursuant to 18 U.S.C. 3553(a) factors is warranted. Mr. Roman Aparicio respectfully requests that the Court find that a sentence of 46 months followed by 3 years of supervised release is sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; and to protect the public.

Dated: August 11, 2026.

/s/ Kobin Patterson

Kobin Patterson, OSB No. 171309
Attorney for Defendant Hugo Alberto Roman Aparicio



Kobin Patterson
Noel Grefenson PC
3265 Liberty Rd. S.
Salem, Oregon 97302
(503) 371-1700
kobinpatterson@gmail.com